RECEIVED

FEB 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **GLOBAL INDUSTRIES OFFSHORE, L.L.C.** | **CIVIL ACTION NO. 04-1249** |
| **VS.** | **JUDGE MELANÇON** |
| **LOCAL 798 PIPELINERS UNION** | **MAGISTRATE JUDGE METHVIN** |
| **JIMMY DICK** | |
| **KARMEN MASON** | |
| **JOHN GREGORY** | |
| **COREY SHARP** | |
| **CHARLES HOUSTON** | |
| **JOEL EVANS** | |
| **FERREL FEAGIN** | |
| **BILLY MARTEL** | |
| **RUSTY LONG** | |
| **ALLEN MONIC** | |
| **JASON RUNG** | |
| **JOSH FONTENOT** | |
| **STEVE HAYES** | |
| **RICKY HAYES** | |
| **KYLE ZSCHIESCHE** | |
| **DAVID E. HAMILTON** | |
| **JEREMY DUNKIN** | |
| **KEN KINS** | |
| **CARMEN MOODY** | |

### <u>MEMORANDUM RULING<br>AND<br>JUDGMENT</u>

Before the court is a motion to dismiss defendant David Hamilton, filed by defendants under Rule 12(b)(4) & (5) of the Federal Rules of Civil Procedure for failure to effect service. Alternatively, defendants dismissal of all claims against David Hamilton under Rule 12(b)(2) for lack of personal jurisdiction for insufficiency of service of process. Plaintiff does not oppose the motion.[1]

---

[1] The motion was filed on October 24, 2005. Under Local Rule 7.5W, the opposition was due by November 11, 2005. To date no opposition has been filed.

Plaintiff filed its complaint on June 9, 2004.[2]  Defendants argue that plaintiff has failed

to serve defendant Hamilton within 120 days after the filing of the complaint.  Rule 4 of the

Federal Rules of Civil Procedure provides that service may be effected either through personal

service or "by leaving copies thereof at the individual's dwelling house or usual place of abode

with some person of suitable age and discretion then residing therein."[3]  Rule 4(m) of the Federal

Rules of Civil Procedure permits dismissal of a complaint where service has not been made

within 120 days after the filing of the complaint.[4]  Further, the burden is on the plaintiff to show

the validity of service of process.  <u>Familia De Boom v. Arosa Mercantil</u>, 629 F.2d 1134, 1139 (5th

Cir. 1980).

       The return of service filed on September 27, 2004, indicates that service of process had

been left at the defendant Hamilton's dwelling with "Donna Hamilton" (wife)" on July 2, 2004.[5]

Defendants submit the affidavit of Sarah Hamilton, wife of David Hamilton, stating that she was

---

[2] Rec. Doc. 1.

[3] Rule 4 governs the procedure for service, providing that a summons shall be served with a copy of the complaint and that service of process upon an individual from whom a waiver has not been obtained, other than an infant or an incompetent person, may be effected either "(1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein . . . " Fed.R.Civ.P. 4(e).

[4] Rule 4(m) provides:
Time Limit for Service. If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1). Fed.R.Civ.P. 4(m).

[5] Rec. Doc. 24.

never served with the complaint.[6] Defendants state that plaintiff has not requested, nor have defendants granted an extension of time to perfect service.

After review of the applicable jurisprudence and the defendants' motion and supporting affidavits, and noting the absence of opposition by plaintiff, the Court concludes that defendant David Hamilton is entitled to dismissal of plaintiff's claims against him.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that defendants' motion to dismiss defendant David Hamilton is **GRANTED** and that all claims asserted against David Hamilton be **DISMISSED WITHOUT PREJUDICE**

Lafayette, Louisiana this 8th day of February, 2006.

**TUCKER L. MELANÇON**
**UNITED STATES DISTRICT COURT**

---

[6] Sarah Hamilton also avers that she is married to and has lived with David L. Hamilton since October 23, 1977; that she was not at their dwelling place on July 2, 2004; and that she knows no one by the name of Donna Hamilton. Rec. Doc. 49.